UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H. DOE, D. DOE, C. DOE,<br>H.A. DOE, R. DOE, and<br>R.T. DOE, : | |
| Plaintiffs : | CIVIL ACTION NO. 3:19-879 |
| v. : | (JUDGE MANNION) |
| CITY OF WILKES-BARRE and :<br>ROBERT COLLINS, | |
| Defendants : | |
| : | |

## MEMORANDUM

Pending before the court is a motion to dismiss the plaintiffs' third amended complaint filed on behalf of the defendant City of Wilkes-Barre. (Doc. 78). Based upon the court's review of the motion and related materials, the defendant's motion will be **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs in this case allege they are sexual assault victims of defendant Robert Collins, a police officer previously employed by the City of Wilkes-Barre, who committed his assault in the course of his employment, under color of state law. Plaintiffs allege that defendant Collins assaulted plaintiff H. Doe on May 21, 2016; plaintiff D. Doe on February 26, 2017; plaintiff C. Doe on several occasions between 2011 and 2012; plaintiff H.A. Doe in April 2009; plaintiff R. Doe in July 2014; and plaintiff R.T. Doe on

September 13, 2018. In this action, plaintiffs have brought §1983 claims under the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law tort claims against defendant Collins and a *Monell*[1] claim against the City of Wilkes-Barre.

Defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(1)[2] and (6)[3]. In its motion to dismiss plaintiffs' complaint, the City of Wilkes-Barre initially argues that this court lacks subject matter jurisdiction over the claims of plaintiffs H. Doe, C. Doe, H.A. Doe, and R. Doe since their claims are barred by the applicable statute of limitations.

---

[1] *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

[2] Rule 12(b)(1) provides for the dismissal of a complaint based on a "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F.Supp.2d 532, 537 (M.D. Pa. 2002). Because the district court is a court of limited jurisdiction, the burden of establishing subject matter jurisdiction always rests upon the party asserting it. *See Kokkonen v. Guardian Life. Ins. Co. of America*, 511 U.S. 375, 377 (1994). Further, since defendant's motion to dismiss for lack of subject matter jurisdiction "attacks the complaint on its face", "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

[3] Since the standard of review applicable to the defendant's motion to dismiss under Rule 12(b)(6) is stated in the briefs of the parties, the court does not repeat it herein. Suffice to say that "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Also, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n. 9 (3d Cir. 1996); *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in *Wilson* when it held that "courts considering §1983 claims should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Little v. Lycoming County*, 912 F.Supp. 809, 814 (M.D.Pa.), *aff'd* 101 F.3d 691 (3d Cir. 1996) (Table). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa.Cons.Stat.Ann. §5524(7) (Purdon Supp.); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir.), *cert. denied*, 474 U.S. 950 (1985).

While state law governs the applicable statute of limitations, federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric*

*Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Defendant argues that the statute of limitations for the claims of plaintiffs H. Doe, C. Doe, H.A. Doe, and R. Doe began accruing on the date of each of those plaintiff's injuries. As such, defendant argues that the statute of limitations for each of the listed plaintiffs expired on May 21, 2018, between 2013 and 2014; in April of 2011, and in July of 2016, respectively. Because the instant action was not filed until February 21, 2019, defendant

argues that the claims of plaintiff's H. Doe, C. Doe, H.A. Doe, and R. Doe are barred by the applicable statute of limitations and should be dismissed.

In response, plaintiffs argue that their claims are not barred by the statute of limitations because the statute of limitations did not accrue until their counsel informed them that they had a legal claim against defendant. The plaintiffs rely on the federal accrual date and Pennsylvania's discovery rule.

> "The discovery rule is designed to 'ameliorate the sometimes-harsh effects of the statute of limitations,' and it is often applied in medical malpractice and latent disease cases in which the plaintiff is unable to discover his or her injury until several years after the tort occurred." *Mest v. Cabot Corp.,* 449 F.3d 502, 510 (3d Cir. 2006) (quoting *Cathcart v. Keene Indus. Insulation*, 471 A.2d 492, 500 (Pa. Super. Ct. 1984)). The rule tolls the accrual of the statute of limitations when the plaintiff is unable, "despite the exercise of due diligence, to know of the injury or its cause." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). Under the discovery rule, the statutory period "does not begin to run until 'the plaintiff knows, or reasonably should know, (1) that he has been injured and (2) that his injury has been caused by another party's conduct.'" *Id.* (quoting *Mest*, 449 F.3d at 510). The plaintiff "bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury." *Mest*, 339 F.3d at 411 (citing *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995)). "To demonstrate reasonable diligence, a plaintiff must 'establish[ ] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protections of their own interests and the interests of others.'" *Id.* (quoting *Cochran*, 666 A.2d at 250).
> The Supreme Court of Pennsylvania has clarified that reasonable diligence is not "an absolute standard, but is what is

> expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised." *Fine,* 870 A.2d at 858. " '[T]here are [very] few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence.'" *Id.* (alteration in original) (quoting *Crouse v. Cyclops Indus.*, 765 A.2d 606, 611 (Pa. 2000)). "Put another way, [t]he question in any given case is not, what did the plaintiff know of the injury done him? [B]ut, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him." *Id.* (quoting *Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.*, 31 A. 484, 485 (Pa. 1895)). Pennsylvania applies the discovery rule narrowly, placing a heavy burden on plaintiffs invoking the rule. *See Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). "Where ... reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the [C]ourt determines that the discovery rule does not apply as a matter of law." *Fine*, 870 A.2d at 858-59 (citing *Pocono Int'l*, 468 A.2d at 471).

*Soutner v. Covidien, LP*, 2018 WL 5312610, at *4 (M.D. Pa. Oct. 26, 2018).

Here, although plaintiffs argue that they had no cause to believe that they had a valid lawsuit against the City of Wilkes-Barre until informed by their counsel, they knew of defendant Collins's alleged sexual assault upon them and certainly should have been aware of the existence of a *Monell* claim in light of defendant Collins's continued employment with the City. The court finds, therefore, that the discovery rule does not apply to toll the statute of limitations. As such, the defendant's motion to dismiss the claims of H.

Doe, C. Doe, H.A. Doe, and R. Doe as being barred by the applicable statute of limitations will be granted.

The defendant further argues that the only count against the City of Wilkes-Barre, Count XI, alleges that the City is liable because it created a custom that acquiesced to defendant Collins's misconduct. The defendant argues, however, that the complaint does not allege sufficient facts to show that any authoritative City official ratified the alleged unconstitutional actions of defendant Collins and, therefore, cannot establish that his alleged behavior became an official policy of the City.

Plaintiffs' third amended complaint alleges that as far back as June 2011, Wilkes-Barre's Chief of Police, acting as an official representative of Wilkes-Barre City, was warned that there were multiple complaints about defendant Collins. They allege that, in 2014, an investigation was begun into defendant Collins's misconduct of which the City of Wilkes-Barre was aware. Despite the investigation against defendant Collins, no action was taken against him and, in fact, he was promoted by the City of Wilkes-Barre. Plaintiffs allege that defendant Collins's misconduct continued and was tolerated by the City of Wilkes-Barre.

For example, plaintiffs allege that H.A. Doe reported the 2009 forced sexual encounter with defendant Collins to a Wilkes-Barre City police officer,

who indicated that "a lot of people" had made accusations of sexual misconduct against defendant Collins. Another female who was being processed after being arrested in 2013 indicated that she feared defendant Collins. In 2017, a female made a written complaint to the City of Wilkes-Barre indicating that defendant Collins approached her about an alleged vehicle violation, asked for her phone number and indicated that he would call her to talk about "working it out another way."

By knowing about and tolerating misconduct by defendant Collins, plaintiffs allege that Wilkes-Barre City established a municipal custom that was deliberately indifferent to the rights of plaintiffs and others and caused them injury. At this stage of the proceedings, the court finds the allegations of the third amended complaint sufficient to allow the remaining plaintiffs to proceed against the City of Wilkes-Barre. As such, defendant's motion to dismiss will be denied on this basis.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**DATE: September 23, 2021**
19-879-01