UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H. DOE, D. DOE, C. DOE, H.A. DOE, R. DOE, and R.T. DOE, | : |
| Plaintiffs | : CIVIL ACTION NO. 3:19-879 |
| v. | : (JUDGE MANNION) |
| CITY OF WILKES-BARRE and ROBERT COLLINS, | : |
| Defendants | : |

### MEMORANDUM

Pending before the court is a partial motion to dismiss the plaintiffs' third amended complaint filed on behalf of defendant Collins. (Doc. 77). Based upon the court's review of the motion and related materials, the defendant's motion will be **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs in this case allege they are sexual assault victims of defendant Robert Collins, a police officer previously employed by the City of Wilkes-Barre, who committed his assault in the course of his employment, under color of state law. In this action, only plaintiffs D. Doe and R.T. Doe have brought claims against defendant Collins. Specifically, they have brought §1983 claims under the Fourth and Fourteenth Amendments to the

United States Constitution, as well as state law tort claims for assault and battery, against defendant Collins.

Defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6)[1]. In his motion, defendant Collins argues that the plaintiffs' Fourteenth Amendment deprivation of bodily integrity claims in Counts Three and Eight are redundant of the state-created danger claims in Counts Two and Seven. The court agrees with the reasoning set forth by defendant Collins in both his supporting and reply briefs. "A 'claim under §1983 for a violation of the due process right to bodily integrity is brought under the state-created danger doctrine.'" *M.T. by & through Amber H. v. Uniontown Area Sch. Dist.*, 2021 WL 807713, at *7 (W.D. Pa. Mar. 3, 2021) (quoting *Cuvo v. Pocono Mtn. Sch. Dist.*, 2019 WL 1424524 (M.D.Pa. Mar. 29, 2019)). *see Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F.Supp.3d 220, 231-32 (W.D. Pa. 2015) ("state-created danger doctrine is one theory used to assert a claim for harm to one's bodily integrity"); and *Fiedler v.*

---

[1] Since the standard of review applicable to the defendant's motion to dismiss under Rule 12(b)(6) is stated in the briefs of the parties, the court does not repeat it herein. Suffice to say that "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Also, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

*Stroudsburg Area Sch. Dist.*, 427 F.Supp.3d 539, 549-50 (considering injury to bodily integrity by way of state-created danger doctrine)). As such, defendant Collins's motion to dismiss will be granted on this basis and Counts Three and Eight of the third amended complaint will be dismissed.

Defendant Collins further argues that the unlawful seizure claims alleged in Counts One and Six are redundant of the state-created danger claims alleged in Counts Two and Seven. Despite the defendant's argument, clearly, the plaintiffs' claims that they were unlawfully seized by defendant Collins under the Fourth Amendment are separate and distinct claims from their claims that they were deprived of bodily integrity under a state-created danger theory in violation of their Fourteenth Amendment substantive due process rights. As such, defendant Collin's motion to dismiss will be denied on this basis.

In a similar vein, defendant Collins argues that the plaintiffs cannot simultaneously proceed with both a Fourth Amendment unreasonable seizure claim and a Fourteenth Amendment substantive due process claim, but can only proceed with the more specific Fourth Amendment claim. In considering this argument, the court agrees that, were the plaintiffs only alleging an unlawful seizure claim, they could not simultaneously proceed under the Fourth and Fourteenth Amendments. In fact, the plaintiffs

apparently concede this indicating that, in relation to their unlawful seizure claims, the Fourteenth Amendment is invoked only to the extent that the Fourth Amendment is applicable to the states via the Fourteenth Amendment. Otherwise, however, as indicated above, the plaintiffs' Fourth Amendment unlawful seizure claims are distinct from their Fourteenth Amendment substantive due process claims. Accordingly, the defendant's motion will be denied on this basis.

Finally, defendant Collins argues that plaintiffs D. Doe and R.T. Doe should not be permitted to proceed anonymously. In support of his motion, defendant Collins argues that the public nature of our courts compels that the plaintiffs proceed as named litigants. Defendant Collins further argues that, while allowing plaintiffs to proceed anonymously falls within this court's discretion, the facts in this case do not implicate exceptional circumstances that warrant anonymity. In their brief in opposition, plaintiffs concede that the issue is purely a matter of discretion, but argue that the court should exercise its discretion to allow them, as sexual assault victims, to proceed anonymously.

Indeed, "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper,* 109 Eng. Rep. 438, 441 (K.B. 1829));

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). The Federal Rules of Civil Procedure reflect this essential quality of our courts, requiring that every pleading have a title which "must name all the parties." Fed.R.Civ.P. 10(a). Further, Rule 17(a)(1) requires "[a]n action must be prosecuted in the name of the real party in interest." While not enumerated in the Federal Rules of Civil Procedure, courts permit parties to proceed anonymously under exceptional circumstances. *Megless*, 654 F.3d at 408 ("Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" (citing *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D.Pa. 1990))).

A party wishing to proceed anonymously must show both: (1) a fear of severe harm and (2) that their fear of severe harm is reasonable. *Megless*, 654 F.3d at 408 (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Showing potential embarrassment or economic harm is insufficient. *Megless*, 654 F.3d at 408 (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)). Once a litigant shows their reasonable fear of severe harm, "courts of appeal are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation

process." *Megless*, 654 F.3d at 408 (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90; *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The following factors favor anonymity:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997)). The following factors disfavor anonymity:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Megless*, 654 F.3d at 409 (citing *Provident Life*, 176 F.R.D. at 467).

Here, the plaintiffs have not even attempted to make a showing sufficient to demonstrate the requisite "fear of severe harm." *Megless*, 654 F.3d at 408. Without such a showing, the court cannot find the plaintiffs' interest in proceeding anonymously outweighs the need for courts to be publicly accessible. *See Megless*, 654 F.3d at 408-09. Accordingly, defendant Collins's motion asking that the plaintiffs be made to proceed as named litigants will be granted.

In light of the foregoing, defendant Collins's motion to dismiss will be granted in part and denied in part. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
United States District Court

**DATE: September 23, 2021**
19-879-02