**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HOLLY ENGLISH, D. DOE,** : | |
| **COURTNEY DAVIS, HOLLY ANN** | |
| **BRILL, ROSEMARY BESEDA, and** : | |
| **R.T. DOE,** | |
| : | **CIVIL ACTION NO. 3:19-879** |
| **Plaintiffs** | |
| : | **(JUDGE MANNION)** |
| **v.** | |
| : | |
| **CITY OF WILKES-BARRE and,** | |
| **ROBERT COLLINS,** : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the Court is a motion for judgment entered against movants Holly English, Courtney Davis, Holly Ann Brill, and Rosemary Beseda pursuant to Fed.R.Civ.P. 54(b). (Doc. 101). Movants seek this relief after this Court's order dismissing their claims as being barred by the applicable statute of limitations. (Doc. 94). For the reasons that follow, the Court will grant the motion for judgment against the plaintiffs.

I.    **Background**

On December 2, 2020, the combined plaintiffs filed an amended complaint against the City of Wilkes-Barre ("Wilkes-Barre") and Robert Collins ("Collins") seeking damages and other costs, alleging that they were

sexual assaulted by Collins, a police officer previously employed by Wilkes-Barre, who allegedly committed his assault in the course of his employment. (Doc. 76).

Plaintiffs allege that defendant Collins assaulted Holly English on May 21, 2016; plaintiff D. Doe on February 26, 2017; Courtney Davis on several occasions between 2011 and 2012; Holly Ann Brill in April 2009; Rosemary Beseda in July 2014; and plaintiff R.T. Doe on September 13, 2018. (Doc. 76). Plaintiffs brought six 42 U.S.C. §1983 claims under the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law tort claims against defendant Collins and a Monell v. Department of Social Servs., 436 U.S. 658 (1978) claim against Wilkes-Barre. (Doc. 76).

In response, on December 23, 2020, Wilkes-Barre filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)[1] and (6), asserting that the claims

---

[1] Fed.R.Civ.P 12(b)(1) provides for the dismissal of a complaint based on a "lack of subject-matter jurisdiction." "A motion to dismiss under 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." Vieth v. Pennsylvania, 188 F.Supp.2d 532, 537 (M.D. Pa. 2002). Because the district court is a court of limited jurisdiction, the burden of establishing subject matter jurisdiction always rests upon the party asserting it. See Kokkonen v. Guardian Life. Ins. Co. of America, 511 U.S. 375, 377 (1994). Further, since defendant's motion to dismiss for lack of subject matter
*(footnote continued on next page)*

by Holly English, Courtney Davis, Holly Ann Brill, and Rosemary Beseda are barred by the applicable statute of limitations and that the remaining plaintiffs' claim fails to state a cognizable claim. (Doc. 78).

This court, on September 23, 2021, granted the motion in part and denied it in part. (Doc. 94). Wilkes-Barre's Fed.R.Civ.P. 12(b)(1) motion to dismiss was granted as to the claims brought by Holly English, Courtney Davis, Holly Ann Brill, and Rosemary Beseda as being barred by the applicable statute of limitations. (Doc. 94).

After this court's order on October 9, 2021, movants filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 101). In their brief in support of their motion, filed on December 14, 2021, movants argue that all of the relevant factors found in <u>Anthuis v. Colt Industries Operating Corp.</u>, 971 F.2d 999 (3d Cir. 1992) are met and that final judgment should be entered against them as to their claim against Wilkes-Barre. (Doc. 106). In response, counsel for Collins submitted a letter to this count "tak[ing] no position with respect to [the movants'] motion for

---

jurisdiction "attacks the complaint on its face," "the court must consider the allegations of the complaint as true." <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).

- 3 -

judgment pursuant to Rule 54(b)." (Doc. 107). Wilkes-Barre has filed no brief opposing the motion.[2]


## II.   **DISCUSSION**

Federal Rule of Civil Procedure 54(b) provides that when "an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b); see Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975) ("Fed.R.Civ.P. 54(b) is designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action). Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for allowing review at a time that best serves the needs of the parties. See Elliott v. Archdiocese of N.Y., 682 F.3d 213, 220 (3d Cir. 2012); see also Cold Metal Process Co. v. United Engineering, 351 U.S. 445, 453 (1956) (Frankfurter, J., concurring)

---

[2] Pursuant to Local Rule 7.6: when a party does not file a brief in opposition, the motion is deemed unopposed.

("Rule 54(b) was originally adopted . . . to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of an entire case."). Granting a 54(b) motion "is the exception, not the rule, to the usual course of proceedings in a district court" and should only be granted for an "infrequent[ly] harsh case" that will be discussed *infra*. Elliott, 682 F.3d at 220.

Before a district court decides on a Rule 54(b) motion, it must:

> First determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 446 (1956)); see Sussex Drug Prod. v. Kanasco, Ltd., 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 271 (1988)) (holding that a final judgment is defined by the requirements of 28 U.S.C. Section 1291).

Here, this Court's decision dismissing the movants' claims is final. See Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 460 F.3d 470, 476 (3d Cir. 2006) ("The classic definition of a 'final decision' is one that ends the litigation on

the merits and leaves nothing for the court to do but execute the judgment.'"

(quoting <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 712 (1996))).

After the court determines that the decision is final, it must then

determine "'whether there is any just reason for delay,' taking into account

'judicial administrative interests as well as the equities involved.'" <u>Elliott</u>, 682

F.3d at 220 (quoting <u>Curtiss–Wright Corp.</u>, 446 U.S. at 7-8). For a district

court to determine that there is no just reason for delay and a 56(b) motion

to be certified,

> (1)The burden is on the party seeking final certification to convince
> the district court that the case is the "infrequent harsh case" meriting
> a favorable exercise of discretion; (2) the district court must balance
> the competing factors present in the case to determine if it is in the
> interest of sound judicial administration and policy to certify the
> judgment as final; (3) the district court must marshall and articulate
> the factors upon which it relied in granting certification so that prompt
> and effective review can be facilitated.

<u>Anthuis v. Colt Ind. Operating Corp.</u>, 971 F.2d 999, 1003 (3d Cir. 1992)

(citing <u>Allis-Chalmers Corp.</u>, 521 F.2d at 365). The essential inquiry is

"whether, after balancing competing factors, finality of the judgment should

be ordered to advance the interests of sound judicial administration and

justice to the litigants." <u>Curtiss-Wright Corp.</u>, 446 U.S. at 5.

- 6 -

In determining whether a case constitutes an "infrequent harsh case" that warrants a final judgment, the moving party bears the burden of proof. Anthuis, 971 F.2d at 1003. The moving party's justifications must be sufficient to make it apparent that the present hardship and/or unfairness justifies appeal before completion of the present suit. Panichella v. Pa. R. Co., 252 F.2d 452, 455 (3d Cir. 1950); see Curtiss-Wright Corp., 446 U.S. at 7 (considering a delay of "many months, if not years" for the plaintiffs to indicate that the current case constituted an "infrequent harsh case").

Here, the movants have met their burden to justify their dismissal as an "infrequent harsh case" through the background sexual assault allegations. (Doc. 106). The movants allege that waiting for the underlying trial to complete before appealing their dismissal will result in them reliving their trauma multiple times. (Doc. 106). Should the present Rule 56(b) motion be granted, the movants would only have to testify about their alleged assault once. (Doc. 106).

Furthermore, the movants allege that there will be far less delay for both the movants and the judicial system if the motion is granted. (Doc. 106). If the movants wait until the end of the principal suit against Wilkes-Barre to appeal their dismissal, and are successful upon that appeal, the lengthy

- 7 -

litigation process will start anew. (Doc. 106). This will result in additional expenses and months/years of litigation for the plaintiffs, Wilkes-Barre, and the court. (Doc. 106).

After the moving parties establish their case as an "infrequent harsh case" meriting a Rule 54(b) motion, the district court must then balance competing factors to determine if granting the motion constitutes sound judicial administration and policy. See Anthuis, 971 F.2d at 1003. The court must balance the factors to determine if there is no just reason for delay. See Curtiss-Wright Corp., 446 U.S. at 3; Carter v. City of Phila., 181 F.3d 339, 344 (3d Cir. 1999) (holding that a court should consider judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)); Panichella, 252 F.2d at 455 (holding that judges should use 54(b) "as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in light of the public policy indicated by statute and rule.").

The Third Circuit has provided five factors that should be considered in determining whether there is no just reason to delay the entry of final judgment:

(1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses, and the like.

Berckeley Inv. Group, Ltd. V. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006).

Here, consideration of the five relevant factors indicate that there is no just reason for delay. However, the first element weighs against granting the movants' motion. While the two remaining plaintiffs have various charges against Collins that are not shared by the four movants, each of the six individuals share an identical claim against Wilkes-Barre. (Doc. 76). Furthermore, because the charge against Wilkes-Barre is a Monell claim, each of the six individuals' involvement might be required to demonstrate that Wilkes-Barre was engaged in an unconstitutional custom. (Doc. 76); see Solomon v. Phila. Housing Authority, 143 Fed.Appx. 447, 457 (3d Cir. 2005).

Conversely, the second factor slightly weighs in favor of granting the movants' motion. The sole issue on appeal will be if the four plaintiffs should be barred by the applicable statute of limitations from bringing their Monell claim against Wilkes-Barre. It will not be about any of the underlying factual

- 9 -

and legal issues surrounding the underlying suit that will be ongoing at the time of the appeal. Furthermore, counts one through ten do not include the four movants whatsoever. However, while the appeal is pending, the underlying suit against Wilkes-Barre will be ongoing. It is possible that the suit will resolve prior to any completion, which would make any appeal moot. Also, it is possible, upon a successful appeal, that the four movants will be barred by res judicata and will be subject to other orders by the court regarding their claim against Wilkes-Barre. Therefore, this factor only leans slightly in favor of granting the motion.

Similarly, the third factor weighs in favor of granting the motion as there is little possibility that this issue will be before the appellate court again. Should the Third Circuit affirm this Court's ruling, then the four plaintiffs will be barred from pursuing their claim against Wilkes-Barre, and no second appeal of that determination would be appropriate. However, should the Third Circuit reverse this Court's ruling, this Court would be required to allow the four plaintiffs to join the ongoing litigation against Wilkes-Barre. Any subsequent appeal by either the six plaintiffs or Wilkes-Barre would only be about the developing litigation, not about this Court's ruling to dismiss the movants.

- 10 -

The fourth factor also weighs in favor of granting the motion because there is no claim or counterclaim present here that could result in a set-off.

The fifth factor strongly weighs in favor of granting the motion for several reasons. First, as previously mentioned, should the plaintiffs wait until the underlying litigation is complete to appeal and if the Third Circuit overrules this Court, then the lengthy litigation process against Wilkes-Barre will begin anew. Second, granting the plaintiffs' motion would sooner allow the Third Circuit to develop their <u>Monell</u> and statute of limitations jurisprudence. Third, allowing an appeal would unlikely delay the underlying proceedings. The two remaining plaintiffs possess the exact same claim against Wilkes-Barre as the four movants, a successful appeal would only add the four movants to their claim.

Therefore, the five factors indicate that this court should grant the movants' motion. Accordingly, the Court will allow the movants to appeal their decision dismissing their claim against Wilkes-Barre.

- 11 -

### III.    <u>CONCLUSION</u>

For the reasons stated above, the motion to enter final judgment as to the plaintiffs' dismissal will be **GRANTED**. A separate Order will be issued.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**DATED: August 3, 2022**
19-879-03